UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**BANK OF THE WEST,**

    Plaintiff,

v.                                        Case No.  8:12-cv-1243-T-30MAP

**M/V ROCK THE PARTY and her engines,
tackle, furniture, and apparel, in rem;
et al.,**

    Defendants.
_____/

## **DEFAULT JUDGMENT AGAINST DEFENDANT PAUL WHITE**

THIS CAUSE comes before the Court upon Plaintiff's Motion for Default Judgment Against Paul White (Dkt. 34).  Plaintiff Bank of the West brought three counts against Defendants: (1) foreclosure of the preferred ship mortgage; (2) breach of the promissory note; and (3) conversion.  Only Count II for breach of the promissory note is relevant to the instant motion for default judgment against Defendant Paul White. The Court, having reviewing the motion, record evidence, and being otherwise advised in the premises concludes the motion should be granted, and judgment entered in favor of Plaintiff in the amount of $193,377.32, plus interest thereon at the statutory rate.

## DEFAULT JUDGMENT STANDARD

Under Federal Rule of Civil Procedure 55(b)(2), a court may enter a final judgment of default against a party who has failed to plead in response to a complaint. A default judgment may be entered "against a defendant who never appears or answers a complaint, for in such circumstances, the case never has been placed at issue." *Solaroll Shade & Shutter Corp. v. Bio–Energy Sys.,* 803 F.2d 1130, 1134 (11th Cir. 1986). All well-pleaded allegations of fact are deemed admitted upon entry of default; however, before entering a default judgment, a court must confirm it has jurisdiction over the claims and the complaint adequately states a claim for which relief may be granted. *See Nishimatsu Const. Co. v. Houston Nat. Bank,* 515 F.2d 1200, 1206 (5th Cir. 1975)[1]; *see also GMAC Commercial Mortg. Corp. v. Maitland Hotel Assocs.,* 218 F. Supp.2d 1355, 1359 (M.D. Fla. 2002).

## DISCUSSION

The Court concludes that it has jurisdiction over Count II and that Plaintiff has sufficiently alleged a claim for breach of contract.

"Under Florida law, the elements for a breach of contract action are: (1) a valid contract; (2) a material breach; and (3) damages." *Wells Fargo Bank v. S. Boys Inv. Grp., LLC*, 2011 WL 2446594, at *2 (M.D. Fla. May 26, 2011) (quoting *J.J. Gumberg Co. v. Janis Servs.*, 847 So. 2d 1048, 1049 (Fla. 4th DCA 2003)). "A promissory note, mature and regular on its face, is admissible into evidence without extrinsic proof of its execution or

---

[1] In *Bonner v. City of Prichard,* 661 F.2d 1206, 1209 (11th Cir.1981) (en banc), the Eleventh Circuit adopted as binding precedent all the decisions of the former United States Court of Appeals for the Fifth Circuit handed down prior to the close of business on September 30, 1981.

authenticity and, as evidence, is sufficient to establish a prima facie case. All attacks upon it, or the debt it represents, must be made by way of affirmative defenses as to which the burden of proof is on the defense." *Haycook v. Ostman*, 397 So. 2d 743, 743-44 (Fla. 5th DCA 1981).

Plaintiff submitted the promissory note showing White executed it to Sunray Marine and that Sunray Marine assigned it to Plaintiff Bank of the West. The complaint alleges that White defaulted under the promissory note by failing to make the required payments on August 8, 2011, and all subsequent payments from that date. The complaint states that Bank of the West accelerated all indebtedness and demanded full payment from White. As of April 18, 2012, White owed Bank of the West the principle of $169,294.37 (including amounts for forced place insurance), interest of $7,495.84, late charges of $1,618.13, collection fees of $1,485.00, and interest accruing at $32.57 per day. Since White failed to respond to the complaint, all allegations are deemed admitted. From the date of filing the original complaint on June 4, 2012, the total interest accrued is now $20,979.82. As such, Plaintiff is entitled to a default judgment against White on the claim for breach of the promissory note in the total amount of $193,377.32.

It is therefore ORDERED AND ADJUDGED that:

1. Plaintiff's Motion for Default Judgment Against Paul White (Dkt. 34) is GRANTED.

2. The Clerk shall enter judgment in favor of Plaintiff Bank of the West against Defendant Paul White in the amount of $193,377.32, plus interest thereon at the statutory rate.

**DONE** and **ORDERED** in Tampa, Florida on June 18, 2013.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel/Parties of Record

S:\Odd\2012\12-cv-1243.defaultjudgmentWhite.frm