## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### TAMPA DIVISION

**BANK OF THE WEST,**

    Plaintiff,

v.                                                                                              Case No.  8:12-cv-1243-T-30MAP

**M/V ROCK THE PARTY and her engines,
tackle, furniture, and apparel, in rem; et al.,**

    Defendants.
_____/

## ORDER

THIS CAUSE comes before the Court upon Plaintiff's Motion for Summary Judgment against Top Gear Auto Sales, Inc., and Theodore Dialinakis (Dkt. 37), Opposition of Defendants, Top Gear Auto Sales, Inc., and Theodore Dialinakis to Plaintiff's Motion for Summary Judgment (Dkt. 49), Motion of Defendants, Top Gear Auto Sales, Inc., and Theodore Dialinakis, for Summary Judgment (Dkt. 47), Bank of the West's Response to Defendants' Motion for Summary Judgment (Dkt. 48), and the motion hearing held on August 15, 2013.  The Court, having reviewed the motions, responses, record evidence, and arguments made at the motion hearing, concludes the Plaintiff's motion for summary judgment should be granted in part and denied in part and Defendants' motion for summary judgment should be denied.

For the reasons stated at the motion hearing, it is therefore ORDERED AND ADJUDGED that:

1. The Motion of Defendants, Top Gear Auto Sales, Inc., and Theodore Dialinakis, for Summary Judgment (Dkt. 47) is DENIED. The vessel was a federally documented vessel such that Defendants' lien did not attach to it. Accordingly, Defendants' did not have a valid lien again the vessel.

2. Plaintiff's Motion for Summary Judgment against Top Gear Auto Sales, Inc., and Theodore Dialinakis (Dkt. 37) is granted in part and denied in part. Plaintiff is entitled to summary judgment against Defendants on the issue of the priority of Plaintiff's lien and its entitlement to possession of the vessel. Plaintiff's preferred ship mortgage had priority over Defendants' potential lien for towing charges and Plaintiff was entitled to immediate possession of the vessel upon demand. By disposing of the vessel after Plaintiff's demand, Defendants converted the vessel and Plaintiff is entitled to judgment as to the issue of liability for conversion of the boat. Summary judgment is inappropriate as to the amount of damages because there are disputed material facts regarding the condition of the boat. Accordingly, the trial will proceed solely on the issue of damages.

3. By disposing of the vessel without permitting Plaintiff to have it, or even examine it, Defendants committed spoliation of evidence and are thereby prevented from offering their own evidence about the condition of the vessel. Defendants may offer independent witness testimony about the vessel's condition. Plaintiff may also submit expert testimony on the issue of the value

of the vessel given the evidence presented as to the vessel's condition at the time of Plaintiff's demand for possession.

4. The pretrial conference is set for October 2, 2013. If the parties wish to conduct additional discovery, they may move to extend the case management and scheduling order deadlines.

**DONE** and **ORDERED** in Tampa, Florida on August 16, 2013.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel/Parties of Record

S:\Odd\2012\12-cv-1243.sjorder.frm